■ AHMED ALI, Appellant, v NEW YORK CITY TAXI AND LIMOUSINE COMMISSIONER, Respondent. [747 NYS2d 161]

Revocation of petitioner's hack license was appropriate (see Administrative Code of City of NY § 19-512.1 [a]). Regardless of whether a finding that a taxi driver committed a willful act

"against the best interests of the public" (*see* 35 RCNY 2-61 [a] [2]) can be premised solely on a finding of service refusal (*compare*, 35 RCNY 2-50, 2-87; Administrative Code § 19-507), the presently contested finding of a section 2-61 violation is sustainable by evidence that petitioner fled the prospective customer with a passenger door open (*see* 35 RCNY 2-21 [b] [2]; Vehicle and Traffic Law § 1162). For this reason, *Matter of Arif v New York City Taxi & Limousine Commn.* (2002 NY Slip Op 50266 [u]) and *Pierre-Lys v New York City Taxi & Limousine Commn.* (2002 NY Slip Op 50068 [u]) are factually distinguishable, and we need not and do not reach the specific issues presented in those decisions.

Substantial evidence supports each of the three violation determinations. The penalty imposed is not excessive. Concur— Williams, P.J., Tom, Rosenberger and Friedman, JJ.